# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MILTON DOWELL, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: 10-0096 (RMU) |
| FEDERAL BUREAU OF PRISONS, | : | Re Document No.: 13 |
| Defendant. | : | |

# MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO DISMISS AS CONCEDED; DENYING AS MOOT THE PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

The plaintiff brought this action under the Privacy Act, *see* 5 U.S.C. § 552a, against the Federal Bureau of Prisons. On April 5, 2010, the defendant filed a motion to dismiss. *See generally* Def.'s Mot. to Dismiss. On April 6, 2010, the court issued an order advising the plaintiff of his obligation under the Federal Rules of Civil Procedure and the local rules of this Court to file an opposition to the defendant's motion by May 7, 2010. Order (Apr. 6, 2010). The plaintiff was expressly advised that his failure to file a timely opposition could result in dismissal of the case. *Id.* To date, the plaintiff has neither filed an opposition nor requested an extension of time to do so. Rather, on April 27, 2010, the plaintiff filed a motion to amend his complaint, in which he failed to address the arguments for dismissal raised in the defendant's motion. *See generally* Pl.'s Mot. to Amend.

It is well settled that a plaintiff's failure to respond to a motion to dismiss permits a court to grant the motion as conceded. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (affirming the district court's dismissal of a complaint based on the plaintiff's failure

to file a timely response to the defendant's motion to dismiss); *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (observing that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the Circuit will] honor its enforcement of the rule"); *see also Cooper v. Farmers New Century Ins. Co.*, 607 F. Supp. 2d 175, 180 (D.D.C. 2009) (granting the defendant's motion to dismiss as conceded based on the plaintiff's failure to respond to arguments raised in the motion). Because the plaintiff failed to respond to the defendant's motion to dismiss, the court grants the defendant's motion as conceded. Furthermore, because this case is dismissed, the court denies the plaintiff's motion to amend as moot.[1] An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of May, 2010.

RICARDO M. URBINA
United States District Judge

---

[1] In the alternative, the plaintiff's motion to amend, which seeks to add the United States Probation Department as a party defendant, must be denied as futile. "United States Probation Offices are units of the federal courts and therefore are not subject to the Privacy Act." *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 62 (D.D.C. 2009); *see also Bowles v. Fed. Bureau of Prisons*, 2010 WL 23326, at *3 (S.D.N.Y. Jan. 5, 2010); *Jefferson v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 43, 47 (D.D.C. 2009); *Callwood v. Dep't of Prob.*, 982 F .Supp. 341, 342 (D.Vi.1997).